ELIAS EDMONDS v. CITY OF SAN ANTONIO.

Delivered June 3, 1896.

**Taxation—Exemption—School Taught in Residence.**

A building occupied by a practicing attorney as a homestead, though his wife also
teach a school therein, is not entitled to exemption from taxation under article 5065
of the Revised Statutes of 1895, exempting "all buildings used exclusively * * *
for school purposes."

APPEAL from Bexar.    Tried below before Hon. ROBERT B. GREEN.

*C. L. Bates*, for appellant.—Property devoted to school purposes is
exempt from taxation, notwithstanding the owners, being engaged in
the school, reside upon the premises, such residence being necessary for
the proper conduct of the school during term and the care and preserva-
tion of the property during vacation.    Constitution of Texas, art. 8,
sec. 2; Rev. Stats., art. 5065; Cassiano v. Ursuline Convent, 64 Texas,
673; Red v. Morris, 72 Texas, 554; St. Edward's College v. Tax Col-
lector, 82 Texas, 1.

*R. B. Minor*, for appellee.—The premises in question having been
the home of appellant and the place of his actual residence throughout
the period involved, and appellant having been during that time en-

gaged in the practice of law, the exemption did not attach to the property. Cassiano v. Ursuline Academy, 64 Texas, 673; Red v. Morris, 72 Texas, 554; Red v. Johnson, 53 Texas, 284; St. Edward's College v. Tax Collector, 82 Texas, 1.

FLY, ASSOCIATE JUSTICE. —Appellant sued the City of San Antonio to recover the sum of $530 which he had paid as taxes on lots 4 and 5 and part of lot 6, block 4, on King Williams Street, City of San Anto-nio. It was also alleged that the property had been all the time used exclusively for school purposes, and was therefore exempt from taxation. An injunction was prayed for to restrain the city from the collection of other taxes. Appellee pleaded general denial, and statute of limitations as to all the items except the one paid in 1894. The case was tried by the court, and judgment rendered for appellee.

Appellant was the only witness and swore that he built the house in 1875, for the purpose of conducting a day and boarding school for girls. He and his wife have lived in the house since 1875, with the exception of eighteen months spent in La Salle County. The house was used for all the purposes of a homestead as well as a school house. Appellant and wife raised one girl in the house, who had married about three years before the trial. Appellant's wife taught the school. Appellant is a practicing attorney who spends a larger portion of the day in his law office. The findings of fact by the court, that the house was erected for a home for appellant and his family, and had been so used, and was not used exclusively for school purposes, are supported by the evidence.

The Constitution of Texas authorizes the Legislature to exempt from taxation "all buildings used exclusively and owned by persons or associations of persons for school purposes." Article 8, sec. 2. It is further provided in the same section that "all laws exempting property from taxation, other than the property above mentioned, shall be void." The Legislature under the above section, among other property specified in the Constitution, exempted from taxation "all buildings used exclusively and owned by persons, or associations of persons, for school purposes." Revised Statutes, 1895, art. 5065. The word "building," used in the Constitution and statute has been construed not only to include the buildings, but land "necessary and used for the proper and economical conduct of the school." Cassiano v. Ursuline Academy, 64 Texas, 673.

The only question that can arise in this case is as to whether the premises were used exclusively for school purposes. The constitutional provision in question, was ordained in the interest of education, and not for the protection of individuals, and it should be construed so as to carry out the intention of its adoption, and not with any view of screening the property of an individual from legitimate taxation. Laws exempting property from taxation are strictly construed. It is said by the Supreme Court of Pennsylvania: "Taxation is an act of sovereignty,

to be performed, so far as it conveniently can be, with justice and equality to all. Exemptions, no matter how meritorious, are of grace, and must be strictly construed." Judge Cooley, in his work on Taxation, says: "It is also a very just rule, that when an exemption is found to exist, it shall not be enlarged by construction. On the contrary, it ought to receive a strict construction; for the reasonable presumption is that the State has granted in express terms all it intended to grant at all, and that unless the privilege is limited to the very terms of the statute the favor would be extended to what was not meant." The provision of the Constitution which makes private property used exclusively for school purposes exempt from taxation comes dangerously near infringing that rule which, in theory at least, permeates our system of government, that forbids the use of the power of the government to build up and foster individual enterprises at the expense of the mass of the people, and can be justified alone upon the ground that it encourages education, which elevates and enlightens society and is directly for the public good. The grace extended to the person owning the property is only an incident, the main object being the welfare of the people. On this ground is justified every exemption of private property from taxation.

Applying the rule laid down to the facts in this case, and we conclude that the house and lots were not used exclusively for school purposes, but were used as a home for an attorney while engaged in the practice of his profession, as well as for a school house. It was never contemplated that a man engaged in any calling, other than teaching, could, by having his wife teach school in the residence, exempt it from taxation. If appellant had been a teacher in the school, and had no other profession, the property might have been exempt from taxation; but when there is appended to the teaching the practice of law, or to the practice of law the teaching of children is appended, the premises were not used exclusively for school purposes. If the contention of appellant were sustained, an attorney at law with a practice that was bringing him a princely income could exempt a palatial residence from taxation by having his wife engage in teaching a few pupils. We do not mean to intimate that the use of the premises for school purposes was not bona fide, and that its use as a school house was not the main one for which it was occupied, but simply that it was not used for school purposes and no other. It formed the residence of an attorney at law, as well as the school house of his wife.

Our opinion is supported by the opinions of the courts of Texas on the subject. The first case bearing directly on the subject is that of Red v. Johnson, 53 Texas, 284. In that case the buildings were used by the owner and family, not only for school purposes, but also as a residence, and the court said: "It is not enough that the main use of the building was as a school, nor that the owner and family were all engaged in the school as teachers or pupils. A building used by the

owner as a family residence is not one used exclusively for school purposes, and therefore is not one exempted."

Under the operation of the above rule appellant's property would not be exempt, even though teaching therein had been his vocation; but it is unnecessary to carry the doctrine that far in this case. The question of exemption of the same property was afterwards raised in the case of Red v. Morris, 72 Texas, 554. While it is stated in that opinion that the parties occupying the premises were unmarried and were each of full age, it is not clear that those facts were of great importance in shaping the opinion, still they were stated in connection with the additional fact that they did not occupy the property as a residence, but as a mere incident to the uses to which the property was devoted.

The case of Cassiano v. Ursuline Academy, 64 Texas, 674, is cited, wherein it was said "every person who occupied any portion of the premises was exclusively engaged in some department in the service of the school." In that case, as well as the case in 72 Texas, the business of the occupants is a circumstance to show the character of the use of the buildings.

It might be interesting to discuss authorities of other States on the same subject, but we do not deem it necessary to pursue the subject further.

We conclude that there is no error in the judgment, and it is affirmed.

*Affirmed.*