The opinion of the court was delivered by
Blanchard, J.
Plaintiff is the owner of a lot of ground, with buildings thereon, in the city of New Orleans, known as No. 2417 Coliseum street.
A claim against the property for taxes for the years 1895 and 1896 having been assessed by the city, this action was brought to enjoin proceedings looking to the enforcement of the taxes and for avoidance of the assessment.
The contention on part of plaintiff is that the property was used in 1895 and 1896 exclusively for school purposes, and, hence, was exempt from all taxation under the provisions of Art. 207'of the Constitution of 1879.
*1482 The judgment of the trial court sustained this contention and defendant appeals.
Art. 207 of the Constitution of 1879 exempted from all taxation “buildings and property used exclusively for colleges or other school purposes.”
Art. 230 of the Constitution of 1898 reaffirms this, slightly changing the language as follows: “all buildings and property used exclusively for public monuments or historical collections, colleges 'and other school purposes”.
The public policy of the State is thus shown to be to exempt from taxation property used for school purposes.
But in order that the exemption may apply and be claimed the mandate is the property must be used exclusively'for school purposes.
A house is not to be considered exempt from taxation merely because a school is taught in it.
Premises, the main purpose of which, or the principal use to which put, is to afford a place of residence, a habitation, to the owner, his family and others whom he may admit to his household, do not become irresponsible for taxes by reason of the fact that a school is carried on there. 52 La. Ann. 237.
If people live in the house, occupying apartments there in the sense of making it a place of residence, permanent or temporary, it must clearly appear that such use, such' occupancy, is purely and entirely incidental to the main purpose for which the property is then dedicated, viz.: — educational.
See 52 La. Ann. 227.
If this does not appear with certainty, it is the duty of the assessor to assess for taxes and the tax collector to collect the taxes.
Whatever doubt exists is to be construed against the tax exemption, for laws granting such exemptions are in derogation of common right and to be construed strictly.
In State ex rel. Cunningham vs. Board of Assessors, 52 La. Ann. 228, this court said, in effect, that where the use of apartments in a college by teachers was necessary or contributory to the discipline and efficiency of the institution — they residing there only because they are employed in it — such residence is the incident of the purpose of the' college and, hence, a circumstance not prejudicial to the exemption. We adhere to this ruling, but, as to this, repeat here what was said in *1483 the case cited, that each ease of claimed exemption must stand or fall on the facts peculiar to it. Because the facts one year may justify the exemption, it does not follow that the same property is entitled to exemption the following year. A different state of facts prevailing- may take it out of the pale of exemption. When there is doubt the property in whole or part, according as the facts justify, should be assessed and let the owner bring- his complaint before the courts.
Oases may arise where property may be found to be used in part for college or school purposes and in part for other purposes not incidental to the college or school conducted there. In such cases, the court has sanctioned the rule of division. That is to say, holding that part used for purposes disconnected from that for which the exemption is conferred, should be assessed at a value proportioned to the entire building. State ex rel. Cunningham vs. Board of Assessors, 52 La. Ann. 227; Grand Lodge of Masons vs. City, 44 La. Ann. 659. See also Burroughs on Taxation, §71.
We affirm anew this doctrine and commend it to tax assessors. It is a safer rule to hold property liable in part for taxes, when the situation justifies it, than to exempt in toto.-
Where the property is going- to be exempted from assessment, if it appear that part of it, proportionately to the value of the whole, may well he brought within tha rule of non-exemption, because of other uses to which put, then do so and assess for part valuation according to the rule of proportion. That is to say, from the assessed value of -the whole property deduct the value of that part which is not subject to taxation. This would apply particularly to those cases where part of a building is used for college or school purposes and part as a residence for the owner and his family. There the most the owner could claim in the way of exemption would be a proportionate reduction of assessment to correspond with the rating of that part of the property used for school purposes compared with the value of the whole.
With regard to the case at bar, we find that the identical property here involved, and for taxes for the same years 1895 and 1896, formed part of the controversy in State ex rel. Cunningham vs. Board of Assessors, 52 La. Ann. 224. That is to say, the contest there was to bring upon the assessment rolls for taxation purposes certain properties, and among them this property of the plaintiff.
But the ground upon which it was there claimed this pa'ticular *1484 property was not entitled to exemption was that the same was used as a private school “for private profit and income”. This resulted, it was contended, because tuition was charged.
The judgment of the district court in that case rejected and dismissed the demand of the plaintiff in tobo. On appeal here, this judgment was in part reversed and in part affirmed.
As to the property of the plaintiff, the contention that it was taxable because tuition was charged was not sustained by this court, and the judgment of the district court as to this property was affirmed. This had the effect of leaving the property, as to taxation for the years 1895 and 1896, in the condition the Board of Assessors had placed it, viz:— listed on the assessment rolls but marked “exempt”.
In view of this, while the ground urged for non-exemption in the former suit was merely because the property was used for purposes of private profit and income, and the question of its non-exemption in part because of its use partially as a residence was not considered and passed upon, we are not disposed now to disturb the status of thé property as to taxation for the years 1895 and 1896 as fixed by the judgment in that suit. That judgment left' it untaxed for those years and, for that reason, we will affirm the judgment of the district court in the instant case which fixes its status as untaxed property for the years 1895 and 1896.
But this ruling is not to be held as applying to years later than those as to which taxes were claimed on the property involved in State ex rel. Cunningham vs. Board of Assessors, supra.
As to later years, the question of the partial liability of the property for taxes, under the views herein expressed, is left open for consideration and action by the proper assessing officers of the State and city.
Judgment affirmed.