JOHN W. RAST, AS TAX COLLECTOR OF DUVAL COUNTY, *Appellant,* v. GEORGE W. HULVEY, *Appellee.*

Opinion Filed January 23, 1919.

1. Section 1 of Article 9 of the Constitution of Florida, prescribes that the Legislature may except from taxation such property as may be exempt by law for municipal, educational, literary, scientific, religious and charitable purposes. Paragraph 3 of section 4 of Chapter 5596, Acts of 1907, provides that such property of educational, literary, benevolent, charitable and scientific institutions within this State as shall be actually occupied and used solely for the puropses for which they have been organized, shall be exempt from taxation. Under the provisions of this Statute, property belonging to an individual that is not being used solely for school purposes, but is also being used by such individual as

his home for living quarters and for uses directly connected with the family, is not exempt from taxation. It was not the intention. of the Legislature to exempt from taxation property used for educational purposes, and other purposes jointly.

2. Under the law all real and personal property in the State, not expressly exempted therefrom, is subject to taxation, and all laws exempting property from taxation should receive a strict construction, and no property should be held to be within the exemption unless it is clearly within the terms of the Statute granting immunity from taxation.

3. Section 16 of Article 16 of the Constitution of Florida, has no applicability to this case.

Appeal from Circuit Court for Duval County; Daniel A. Simmons, Judge.

Decree reversed.

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant, for Appellant;

*W. M. Toomer* and *W. H. Surrency,* for Appellee.

WILSON, CIRCUIT JUDGE.—The appellee, George W. Hulvey, on the 4th day of August, 1917, filed in the Circuit Court in and for Duval County, his bill of complaint against John W. Rast, as Tax Collector of Duval County, Florida. The bill, omitting the formal parts and the prayer, reads as follows:

I.

That your orator is the owner in fee simple of those certain lands situate and being in the County of Duval, State of Florida, described as follows:

That certain irregular tract, parcel or lot of land called "Murray Hill Park," on the map of Murray Hill Heights as recorded in Plat Book 2, page 87, of the current public records of Duval County, Florida, and bounded easterly by Park Terrace and Madison Avenue; westerly by Edgewood Avenue and Seventeenth Street; northerly by unplatted and irregular tract of land, numbered on said plat as 76 in large numerals, and containing six acres more or less:

That located on said lands are several buildings and an open air gymnasium, all of which were designed and intended for use, and for more than three years next preceding the filing of this bill, have actually been used by your orator in conducting a private school for boys and young men, which school is popularly known as the "Florida Military Academy." That said academy holds annual sessions and provides rooming and dining accommodations for the students and cadets in attendance upon it, and is conducted in the manner and method customary, in institutions of a similar kind.

That the main building located on the property is about 200 feet in length, 50 feet in breadth, three stories high, and has a wing 30 feet by 40 feet, two stories in height; that on the first floor are the kitchen, dining-room, superintendent's apartments, offices, sitting-room, library, reading-room and bedrooms for sixteen or more cadets; that the second floor contains a study hall, seven class-rooms, and a lobby and lounging-hall; that on the third floor are located rooms for sixty or more cadets, baths, wash-rooms, commandant's quarters and club-room.

That your orator's family, during the time said school has been conducted as aforesaid, have lived upon and occupied said premises as their home and place of abode, that your orator's family actually occupy for living quarters and for uses directly connected with the family, as such, a portion of the first floor of the main building in extent slightly more than one-sixth of the space comprised by the floor, consisting of bed-rooms and a dining-room grouped at one end of said building, and one room used as a library and living room at the opposite end of said building on the same floor, the library being also used by the students and cadets in attendance at said school, together with a room located about midways said building on the third floor thereof used as a guest's chamber.

That your orator's family consists of himself and his wife, Alice I. Hulvey, who, with the assistance of a corps of from seven to nine teachers, including a retired United States army officer detailed to said school for military instructions, conduct said school during each year for a period of approximately eight and one-half months, but during vacation of said school your orator's family occupy said premises as their home.

That by means of the operation and conduct of said school your orator's family earn their livelihood, and that your orator has no employment, profession, business or occupation other than that afforded by the operation of said school, to the conduct of which your orator's time may be said to be exclusively devoted; and that said buildings and the premises upon which the same are located have never been, nor are they now used for any other purpose than as hereinabove specified.

## II.

Your orator further alleges that the State of Florida and the County of Duval, through their proper officers, have heretofore levied and assessed upon said above described premises for the year 1916 State and county taxes amounting to the sum of to-wit: $148.65; whereas, by the Constitution and laws of the State of Florida, said premises, so used and occupied as aforesaid, are exempt from taxation and are not assessable.

## III.

In consideration of the premises alleged, your orator respectfully represents unto the Court that the aforesaid tax amounting to the sum of $148.65 is wholly illegal, and that reilef against the enforcement thereof is properly to be had within the equitable jurisdiction of this Court.

## IV.

That the said John W. Rast is the Tax Collector of said Duval County, and as such officer is charged with the duty of enforcing payment of taxes due said County and State. That notwithstanding the illegality of said tax so levied and assessed upon your orator's property as aforesaid, to-wit: Upon the real estate hereinabove described, said Tax Collector is advertising said property for sale to the sixth day of August, 1917, in satisfaction of the amount of said tax and the costs of said sale; and your orator alleges that sale of said premises will actually be made unless by interposition of this Court said officer shall be restrained therefrom.

The bill then prays for a temporary restraining order against John W. Rast, Tax Collector, which was granted by the chancellor on the 3rd day of August, 1917.

On the 30th day of August, 1917, the appellant, by and through the Attorney General, filed the following demurrer to the bill of complaint, which demurrer, omitting the formal parts, is in the words and figures as follows, to-wit:

## 1.

That from the allegations in said bill of complaint it does not appear that the assessment of taxes in the County of Duval, for the year 1916, as therein complained of, was in any particular illegal and void.

## 2.

That from the allegations in the said bill of complaint it does not appear that the said tax levied and assessed, as alleged in complainant's bill of complaint, amounting to $148.65, is illegal and void.

## 3.

That the complainant, George W. Hulvey, has not, in his said bill of complaint, made out or set up such a case as to entitle him to relief in a Court of Equity, or any relief against defendant touching the matters and things therein enumerated or any other such matters.

## 4.

That from the allegations in the said bill of complaint it does not appear that the premises therein described

could be exempted from taxation as provided in Section 1 of Article IX of the Constitution of Florida.

### 5.

That from the allegations in the said bill of complaint it does not appear that the premises therein described could be exempted from taxation under the provisions of paragraph 3 of Section 4 of Chapter 5596, Acts of 1907, Laws of Florida.

### 6.

That from the allegations in the said bill of complaint the property therein described is the property of a private party, and there is no constitutional or statutory provision in the law of this State exempting such property from taxation.

On the 25th day of February, 1918, the chancellor entered an order overruling the demurrer to the bill of complaint and requiring the appellant to plead over on or before April Rules. Thereafter, on the 6th day of March, 1918, entry of appeal was filed and recorded.

There are four assignments of error. The first two assignments complain that the chancellor erred in granting the temporary injunction on August 3rd, 1917. The third and fourth assignments complain that the court erred in overruling the demurrer to the bill of complaint.

Section 1 of Article 9 of the Constitution of Florida reads as follows: "The Legislature shall provide for a uniform and equal rate of taxation, and shall prescribe

such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious and charitable purposes." This constitutional provision does not *ipso facto* grant immunity from taxation to educational institutions. In order to put it into operation it was necessary for the Legislature to pass an act authorizing and providing for such immunity. Therefore, to determine the issue involved we turn to the act of the Legislature passed under the authority of this section of the Constitution. This act is Chapter 5596, Acts 1907. Paragraph 3 of Section 4 of this chapter reads as follows:

"Third. Such property of educational, literary, benevolent, charitable and scientific institutions within this State as shall be actually occupied and used by them solely for the purposes for which they have been or may be organized, but property of such institutions which is rented, wholly or in part, and the rents, issues and profits only used by such institutions shall not be exempt from taxation, nor shall any property held by them as an investment or for speculation be exempt from taxation. Provided, that this section shall not be construed to apply to the lower stories of charitable or benevolent institutions necessarily using the upper stories of their lodge rooms and who rent the ground floor of such buildings, using said rents, issues and profits for the benefit of such charitable and benevolent purposes, or to the ground floor of public libraries, the rents, issues and profits of said ground floor being used for the benefit of said libraries."

It will be observed that under this section of the statute, which is the only one applicable, the property of

6—Vol. 77.

"educational institutions" within this State actually oc-
cupied and used solely for educational purposes, is
exempt from taxation. It was not the intention of the
Legislature to exempt from taxation property used for
educational purposes and other purposes jointly. The
word "solely," according to Webster's New International
Dictionary, means "without another; singly; alone; en-
tirely; wholly."

The word "solely" was not used idly in the statute,
but was written therein to express the legislative will,
as to what class of property shall be exempted, and un-
der a proper construction of this act, no property used
for educational purposes is exempt from taxation, un-
less there is a total absence of usage for other purposes
unconnected with educational purposes. We do not
mean to say, that the grounds and building used for edu-
cational purposes would not be embraced within the
scope of the statutory exemption merely because some
person or persons were living on the property or in the
building, as caretaker, even though it might be consid-
ered the home of the caretaker, nor could it be consid-
ered that it was not being used for educational purposes
solely if there were rooms in the building or buildings on
the property used as bed-rooms or sleeping apartments
for the officers and students attending the school. How-
ever, in this case, there is no claim, whatever, that the
appellee lived on this property and in the building as a
caretaker, nor even incidentally as an officer of the
school, but the bill specifically alleges that ihs home is
on this property. His home is in a building on this prop-
erty, and he refers to it as his home and place of abode,
used and occupied by him and his family for living quar-
ters; and during vacation he and his family occupy the
premises as their home. By home we mean not merely

a place where the appellee may live, but we have refer-
ence to his right of homestead and homestead exemption
in the property.  The appellee has already been adjudged
by this Court to have the right of homestead exemption
in this identical property.  See Armour & Co. et al. vs.
Hulvey, 73 Fla. 294.  We are not unmindful of the fact
that the authorities are not entirely in harmony on this
point.  A great many authorities hold that "A statutory
exemption from taxation of property used exclusively for
school purposes is not destroyed, in case of a private
military school, by the fact that the proprietor, having
no vocation but running the school, in which vocation
his family participate, resides with them upon the prop-
erty."  Spillers vs. Johnston, 214 Mo. 656, 21 L. R. A. (N.
S.) 171, and authorities cited.  But there are also cases
holding to the contrary.  Red vs. Johnston, 53 Tex. 284;
San Antonia vs. Seely, 57 S. W. 688; Edmonds vs. San
Antonia, 36 S. W. 495; Ferrell vs. Penrose, 52 La. Ann.
1481.  The cases necessarily differ because each State
must decide the issue in conformity with its own Consti-
tution and statute, which are not at all uniform.  While
it is claimed in a case note on Page 171, L. R. A. (N. S.),
that it has been almost uniformly held that the statutory
exemption from taxation of property used exclusively
for school or educational purposes is not destroyed by
the fact that the proprietor, teachers or other persons
connected with the school reside in the building, yet,
in order that such school property may be exempted from
taxation such residence just mentioned must be a resi-
dence that is merely incidental to the use of the build-
ing as a school.  If the buidling used as a school is
also used by the owner as a residence or home, and not
incidentally in connection with the use of the building
as a school, or if the owner of the building lives in it as

a matter of personal convenience or advantage, and not because it is necessary in the discharge of their duties as educators, then, it cannot be said it is being used solely for school purposes. Watson v. Cowles, 61 Neb. 216.

In this case the allegations of the bill as to the residence of the appellee is as follows: "That your orator's family, during the time said school has been conducted as aforesaid, have lived upon and occupied said premises as their home and place of abode, that your orator's family actually occupy for living quarters and for uses directly connected with the family, as such, a portion of the first floor of the main building in extent slightly more than one-sixth of the space comprised by that floor, consisting of bed-rooms and a dining-room grouped at one end of said building, and one room used as a library and living room at the opposite end of said building on the same floor, the library being also used by the students and cadets in attendance at said school, together with a room located about midways said building on the third floor thereof used as a guest's chamber." It will be noted that the allegation is, not that the family occupied for living quarters a part of the said building in connection with school purposes, or incidentally in connection with duties as educators, but the allegation is that the family occupy "for living quarters and for uses directly conected with the family," thereby, putting their occupation of the part of the premises occupied by the family upon the basis of a home and for family uses, rather than as a residence incidental to their duties in connection with conducting the school. It is apparent from the allegations of the bill that the part of the premises occupied by the family as a home is occupied by them exclusively and not used for any other pur-

pose. Again, it is alleged in the bill that "during vacation of said school your orator's family occupy said premises as their home." There is no allegation that during vacation the premises are occupied for the purpose of taking care of the property, or incidentally in connection with the school, but occupied as a home.

It is therefore, fairly established, that this property is not being used solely for educational purposes, but is used also as the home of the appellee and his family during the entire year. We do not think the property is exempt from taxation. Were such the case, following it to its logical conclusion, every taxpayer might exempt from taxation the home in which he lives with his family by having some member of his family teach school in the home each year.

Under the statute in this State, all real and personal property, not expressly exempted therefrom, shall be subject to taxation. Section 1, Chapter 5596, Acts of 1907. Therefore, in order to exempt any person or institution from taxation, the statute under which the exemption is granted should be strictly construed, and unless the person or institution comes clearly within the terms of the statutory provision granting immunity, the property is subject to taxation.

As was said in the City of Chicago vs. City of Chicago, 207 Ill. P. 37, "The right to taxation is essential to the existence of government, and all property of every description is subject to taxation, unless it has been specifically exempted; and all laws exempting property would receive a strict construction, and nothing will be held to be within the exemption which does not clearly appear so to be." People, ex rel. Davis, vs. City of Chi-

cago, 124 Ill. 636; 17 N. E. 56; in re Swigert, 119 Ill. 83; 6 N. E. 469.

In view of the fact that this "Florida Military Academy" is not incorporated, we do not think that Section 16 of Article 16 of the Constitution of Florida has any applicability to this case.

The chancellor erred in the order granting the temporary injunction, and in the order overruling the demurrer to the bill, and the orders are hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., disqualified.