GENESEE CORPORATION, a Delaware Corporation, v. JAMES M. OWENS, JR., as Tax Assessor of Palm Beach County, Florida.

GENESEE CORPORATION, a Delaware Corporation, v. JAMES M. OWENS, JR., as Tax Assessor of Palm Beach County, Florida, and STETSON O. SPROUL, as Tax Collector of Palm Beach County, Florida.

20 So. (2nd) 654      January Term, 1945

January 26, 1945      Division A

Rehearing denied February 15, 1945

*Bert Winters* and *W. J. Lake,* for appellant.

*J. Tom Watson,* Attorney General and *George M. Powell,* Assistant Attorney General, for appellees.

BUFORD, J.:

Appellant, a Delaware Corporation authorized to do business in the State of Florida, prosecuted two suits in chancery to enjoin the levy and collection of intangible tax on certain mortgages and other securities which were secured by liens on property located outside the State of Florida. There was no allegation in either bill of complaint that appellant's business situs or its principal place of business was other

than in the State of Florida, nor that the property was taxed or was taxable in any other State. On motion, both bills were dismissed.

The entire basis of appellant's contention is reflected in the one question submitted here, viz:

"Were notes, bonds and other obligations bearing date prior to January 1, 1942, for payment of money, which were secured by mortgage, deed or trust or other liens upon real or personal property located wholly without the State of Florida, taxable for the year 1943 under the intangible personal property tax laws of Florida?"

It is the contention of the appellant that by proper construction of Chapter 199 Fla. Statutes 1941 (same F.S.A.) the intangible property here involved is not taxable. With this contention we cannot agree. Certainly this is personal property and it is not such property as is exempt from taxation. Therefore, under Sec. 1 of Article IX of the Constitution it is subject to taxation.

Section 199.01 Florida Statutes 1941 (same F.S.A.) provides: " 'Intangible personal property' is hereby defined as all personal property which is not in itself intrinsically valuable but which derives its chief value from that which it represents. 'Taxpayers' shall mean a person, firm or corporation who or which shall be liable for taxes under this Chapter for intangible personal property."

Section 199.02 Florida Statutes 1941 (same F.S.A.) classifies intangible personal property for the purpose of taxation and divides the same into four (4) classes: (A), (b), (C) and (d). The property here involved does not come within the purview of class (a), (b) or (c) and, therefore, must fall within class (d) unless the court is persuaded to hold that it is personal property and subject to advalorem tax but that it is not intangible personal property and assessable as such.

We have studied the history of this legislation and have reached the conclusion that it was the purpose and intent of the Legislature to define property such as this as intangible personal property and not to exempt the same from taxation.

Section 199-07 Florida Statutes 1941 (same. F.S.A.) requires returns to be made of intangible personal property in this State, which is subject to taxation under the laws of Florida. It, therefore, follows that this property, not having been exempt from taxation, and being intangible personal property, is required by law to be returned by owner or its agent for taxation and if not so returned to be assessed by the tax assessor.

There is nothing in the bill of complaint showing that the property is not assesable for taxation in Florida because it is not alleged that the commercial domicile of the owner is not in the State of Florida and in Palm Beach County. Therefore, the court is justified in assuming that the situs of the property for taxation is within the State of Florida and Palm Beach County. See State v. Tenn. Coal, Iron and R. Co. (1914) 188 Ala. 514, 66 So. 178; People ex rel. International Bkg. Corp. v. Raymond (1907) 117 App. Div. 62, 102 N.Y.S. 85 (affirmed without opinion in 188 N.Y. 351, 80 N.E. 117); Com. v. United Cigarette Machinery Co. 119 Va. 447, 80 S.E. 935; Union Tanning Co. v. Com. 123 Va. 610, 96 S.E. 780; Re: Wheeling Steel Corp. v. Fred L. Fox, (W. Va.) 802, 298 U. S. 193, 80 L. Ed. 1143, 56. S. Ct. 773, 104 American Law Reports Annotated p. 806, 812.

It is also shown that the property involved was not returned for taxation by the owner but was assessed by the assessor pursuant to authority of law as contained in Section 199.10 Fla. Statutes 1941 (same F.S.A.).

It appears to us that sub-paragraph 4 of Section 199.02 which reads, "(4) Class D intangible personal property shall include all other intangible personal property." is clear and plain. Therefore, there is no necessity for the court to enter into any labored construction. If intangible personal property was not within the purview of class A B and C then it was included in class D. See Pine v. Moran, 74 Fla. 417, 77 Sou. 533; Voorhees v. City of Miami, 145 Fla. 402, 199 So. 313.

We do not think that the rule of ejusdem generis should be applied here so as to exclude by the language used in defining classes C and B the application of class D to the prop-

erty here involved. See Childrens Bootery v. Sutker, 91 Fla. 60, 107 So. 345, 44 A.L.R. 698. Also Schleman v. Guaranty Title Co., 153 Fla. 379, 15 So. (2nd) 754.

Another rule which supports our conclusion is that exemptions must be strictly construed and carefully scrutinized because they are in the nature of special privileges or immunities and are viewed with disfavor by the courts. See Rast v. Hulvey, 77 Fla. 74, 80 So. 750; State v. Doss, 146 Fla. 752, 754, 2 So. (2nd) 303; Miami Battlecreek v. Lummus, 140 Fla. 718, 192 So. 211; Stewart v. State, 119 Fla. 117, 161 Sou. 378; Starkey v. Carson, 138 Fla. 301, 189 So. 385 and 138 Fla. 311, 189 So. 389; Wood v. Ford, 148 Fla. 390, 3 So. (2nd) 490.

It appears to be well settled that one asserting that property is immune from a tax sought to be imposed thereon has the burden of establishing such immunity. See R.C.L. Perm. Sup. page 5751; Terminal Warehouse v. City of Milwaukee, 205 Wis. 607, 238 N. W. 513, 80 A.L.R. 5th headnote.

It appears to us that this case is ruled by our opinion and judgment in the case of Starkey v. Carson, supra, and is supported by opinion and judgment in Wood v. Ford, supra.

It, therefore, follows that the decree appealed from should be affirmed and it is so ordered.

Affirmed.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.