Suit in equity by Laura Cushman against J.N. Lummus, Jr., as tax assessor, and H. Earnest Overstreet, as tax collector, of Dade County, Florida, to enjoin assessment and collection of state and county taxes against property used by plaintiff solely for educational purposes. Decree for plaintiff, and defendants appeal.
Affirmed.
The appeal is from a decree entered in favor of the plaintiff below.
Laura Cushman filed a bill of complaint against the tax assessor and the tax collector of Dade County, Florida, which contained the following allegations:
The plaintiff was the owner of certain land in Dade County which she had purchased in 1926 for the sole, exclusive and only purpose of operating and maintaining a private school thereon to be known as Cushman School. The school was started in 1926 and the property was never assessed for taxes until 1946. During the period of its operation the school has been patronized by local residents, both boys and girls, as a day school during the usual school term. For ten years the school accepted students to the seventh grade but beginning in 1936 and continuing for a period of ten years thereafter, students through the ninth grade were accepted. Since 1946 students have been accepted only for kindergarten classes and through the sixth grade. The school obtains funds for operation only by tuition fees paid by the students. Neither the plaintiff nor anyone else has resided on the premises since the establishment of the school and during the period of operation the school premises have been used solely, wholly and exclusively for educational purposes and for the promotion of knowledge. The average attendance at the school for a period of ten years last past has been approximately 200 pupils. Throughout the existence of the Cushman School the public schools of Dade County have been greatly overcrowded and because of this condition this private school has tended to relieve to some degree the overcrowded conditions of the public schools. The Cushman School performs the same functions as do the public schools and it is accredited by the Florida State Board of Education. Nevertheless, it is operated entirely without cost to the State or County, all expenses being paid by the plaintiff, and neither the State nor the County furnishes any supplies or books or makes any contribution whatsoever to its operation. It is the intention of the plaintiff to continue to use the entire property solely and exclusively for educational purposes and hence the property is exempt from State, County and Municipal taxes under the Constitution and statutes of the State of Florida. Regardless of the facts alleged, the tax assessor of Dade County has assessed State and County taxes against the property for the year 1946 and the tax collector of the county is attempting to enforce their collection.
The prayer of the bill asked that the said tax assessor be enjoined from further assessing taxes against the property, that the tax collector be enjoined from collecting the taxes assessed, and that the tax assessments already made be declared null and void.
To this bill both defendants filed answers. The tax assessor's answer alleged *Page 897 
that the property was being used in the commercial operation of a commercial project, denied that the operation of the school tended to alleviate crowded school conditions in Dade County, and alleged that the school was operated entirely as a commercial project for the sole purpose of monetary gain to the plaintiff.
Evidence was taken on the issues thus presented. At final hearing the chancellor found that the plaintiff had sustained the allegations of her bill and entered a decree granting the relief prayed for. The appeal is from that ruling.
It is plain that the plaintiff, a private person, has no right to an exemption under section 16, Article XVI of the Constitution of Florida, F.S.A., for that section deals exclusively with the exemption of property held and used by corporations for certain specified purposes. Therefore, the rights of the plaintiff, if any she has, must be determined by reference to other portions of the Constitution and applicable statutes enacted thereunder which pertain to the matter.
Section 1, Article IX of the Constitution reads, in part, that "The Legislature shall provide for a uniform and equal rate of taxation * * * and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes."
Section 192.06, Florida Statutes 1941, F.S.A., enacted pursuant to this section of the Constitution provides for the following property to be exempt from taxation: "Such property of education, literary, benevolent, fraternal, charitable and scientific institutions within this state as shall be actually occupied and used by them for the purpose for which they have been or may be organized; provided, not more than seventy-five per cent of the floor space of said building or property is rented and the rents, issues and profits of said property are used for the educational, literary, benevolent, fraternal or charitable purposes of said institution."
The evidence in the record establishes that the property involved in this litigation was purchased by the plaintiff for the sole purpose of establishing a school thereon. It has been used solely for educational purposes during the period and the plaintiff intends to devote the premises and buildings thereon exclusively to such use in the future. Such small profits as have been derived from the venture have been put back into the property for the maintenance or expansion of the school facilities, and future profits are to be used for such purpose. The operation of the school tends to alleviate the crowded conditions obtaining in the public schools of Dade County; and the school has never been operated, nor will it be operated in the future, as a commercial project for the purpose of monetary gain to the plaintiff.
Exemptions from taxation will be granted by the sovereign only when and to the extent that it may be deemed that such exemptions will conserve the general welfare. Hence it is the rule that a provision of the constitution or a statute will be construed strictly against one attempting to bring himself within the exemption. Rast v. Hulvey, 77 Fla. 74, 80 So. 750; Amos v. Jacksonville Realty Mortgage Co., 77 Fla. 403, 81 So. 524. But this does not mean that where an exemption is claimed in good faith the provision of law under which the claimant attempts to bring himself is to be subjected to such a strained and unnatural construction as to defeat the plain and evident intendments of the provision.
Under the pleadings and the evidence appearing in the record the plaintiff has established her contention that the property upon which she maintains and operates her school has been, and is now, actually occupied, held and used by her solely and exclusively for educational purposes. Hence the property comes within the provisions of section 192.06, supra, and should be exempted from taxation.
Except for the fact that in the present case the private school involved is owned and operated by a private individual and not by a corporation for profit — a fact we *Page 898 
do not deem material except insofar as it calls for the application of a different section of the Constitution — the controlling facts presented by this record are similar to those which were considered by this Court in Lummus v. Florida-Adirondack School, Inc., 123 Fla. 810, 168 So. 232. See also Miami Battlecreek v. Lummus, 140 Fla. 718, 192 So. 211.
The decree appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.