**RADIO BIBLE HOUR, INC., Appellant,**

v.

**HURST – EULESS INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 16138.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 18, 1960.

Rehearing Denied Dec. 16, 1960.

Ivan Irwin, Sr., and Fowler Roberts, Dallas, for appellant.

June R. Welch, Dallas, for appellee.

MASSEY, Chief Justice.

The Hurst-Euless Independent School District sought to collect taxes from the Radio Bible Hour, Inc., upon certain of its property in Tarrant County, Texas. Radio Bible Hour filed a petition for injunction to restrain the collection of such taxes, and the School District filed its cross-action for judgment declaring its assessment upon the Radio Bible Hour's property to be a just, valid and legal assessment.

Following a hearing upon the merits before the trial court, without a jury, judgment was entered denying any relief to the Radio Bible Hour, and granting all relief prayed for by the School District. From the judgment so entered appeal was taken to this court.

Judgment affirmed.

The property sought to be taxed consists of a building situated on 3.2 acres of land in the Hurst-Euless Independent School District in Tarrant County, automobiles, trailers, a tent, electronic and office equipment, house trailers, furniture and other personalty. In the building, consisting of eight rooms, a fifteen minute religious service was held five days during the week. No religious services were held on Saturdays or Sundays. The Radio Bible Hour had thirteen full-time employees working at the premises. The principal use made of the premises by the Radio Bible Hour was the preparation, recording and dissemination of religious programs and sermons to radio stations in Texas and other states for subsequent rebroadcasts thereof in furtherance of the Christian religion. Additionally, a monthly newspaper (religious) was edited and its circulation controlled from the premises. There is no question but that the officers and employees of the Radio Bible Hour were engaged in actual religious work. The question is whether or not, at said premises, such amounted to "actual religious worship". If it did, as a matter of law, the property in question was exempted from taxation. If, as a matter of law, such did not amount to "actual religious worship", or if the trial court was entitled to reach the decision it did reach as a matter of fact, then such property was not exempted.

█ The situation in the trial court upon joinder of the issues in the case was that the Radio Bible Hour assumed the burden of proof in the establishment that it was entitled to the privilege of exemption from taxation of the subject property. Under general principles, the right to enjoy exemption from taxation can only be established by strict proof of the existence of all facts necessary to create the exemption.

It is observed from the judgment entered in the cause that the trial court, as the finder of the facts in a trial without a jury, determined that the Radio Bible Hour did not establish upon the trial that the property

sought to be taxed was of such a nature and so used as to bring it within the exemption accorded "actual places of religious worship" under the provisions of Article 8, Section 2, of the Constitution of the State of Texas, Vernon's Ann.St. and the statutory enactment under authority thereof in Vernon's Ann.Civ.St., Title 122, "Taxation", Art. 7150, "Exemption from taxation". To quote from a portion of the judgment entered by the court, viz.: " * * * the primary purpose for which such property is used not being in actual religious worship as required by the statute and constitution, but the use of a portion of such facility for religious services being only incidental to the primary use made of the property, that the plaintiff (Radio Bible Hour) receives no income, revenue, or profit from the use and occupancy of the real estate but that it does derive a profit and income from activities * * * which are in major part conducted from these premises; * * *." There was no request for findings of fact and in the transcript there are no such findings other than as embodied in the judgment.

■■ All statutes for the exemption of property from taxation are to be strictly construed against the exemption, and in favor of the state and taxation. An exemption cannot be raised by implication, but the intention to relieve from the burden of taxation must appear affirmatively. If there be an ambiguity as to what is exempt, it must operate against the owners of the property and in favor of the public, and all reasonable doubts as to the proper interpretation of a statute providing for exemptions from taxation must be resolved in favor of the right to tax.

■ The term "actual places of religious worship" as used in the Constitution and the statute heretofore mentioned has a meaning which may be materially different from the meaning to be implied by the use of the same or similar words or phrases in relation to matters other than taxation statutes. In other respects, such words or phrases, if susceptible of more than one meaning, may be given a more liberal construction. The same is not true where the question is whether property is or is not exempted from the burden of taxation.

In 1926 a case reached the appellate courts at a time where, under the presumed authority of the aforementioned constitutional article and section, the Texas Legislature had attempted by statute to exempt Young Men's Christian Associations where property is used exclusively for furthering the interests of religious work and not for profit. The court, holding that it was a special law under the guise of a general law, and furthermore holding that the section of the constitutional article does not permit the exemption from taxation for "furthering religious work", but only to "actual places of religious worship", reversed a judgment of the lower court dismissing the taxing agencies' case and remanded the cause for trial. City of San Antonio v. Young Men's Christian Association, Tex.Civ.App., San Antonio 1926, 285 S.W. 844, error refused. In said case the City of San Antonio admitted that the building sought to be taxed was used *exclusively* for the purpose of furthering religious work and the Y. M. C. A. admitted that such building was not used *exclusively* as an actual place of religious worship. A part of the holding of the case was that a building must be owned and *exclusively* used for religious worship (as distinguished from religious work) in order to come within the constitutional article and section authorizing exemption from taxation, and cited City of Dallas v. Cochran, Tex.Civ.App., Texarkana 1914, 166 S.W. 32, error refused; Edmonds v. City of San Antonio, 1896, 14 Tex.Civ.App. 155, 36 S.W. 495, error refused; and City of San Antonio v. Seeley, Tex.Civ.App.1900, 57 S.W. 688.

■ Our view of the use to which the Radio Bible Hour puts the premises sought to be taxed is for the purpose of "furthering religious work" rather than for the purpose of actual "religious worship", very much like the situation in the Y. M. C. A. case in

the San Antonio Court of Civil Appeals. It is to be noticed that efforts of interested parties obtained a change in the Constitution and in the statutes which apparently enabled such associations to obtain tax exemptions of their property. See "Interpretive Commentary", especially the last paragraph thereof under Constitution of Texas, Article 8, Section 2, at page 479 of Vol. 2, Vernon's Annotated Constitution of the State of Texas. The change clearly conferred no tax exemption benefit upon persons in situations similar to that of the Radio Bible Hour, and it is our conclusion that its property stands subject to and liable for taxes thereon accumulated.

Judgment affirmed.

RENFRO, J., not participating.