

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 9, 1966

Hon. John B. Henderson, Jr.
County Attorney
Milam County
Cameron, Texas

Opinion No. C-604

Re: Whether the residence pro-
perty of the Cameron
Independent School District,
which is being used by the
school superintendent, is
exempt from ad valorem
taxation under the stated
facts.

Dear Mr. Henderson:

You have requested an opinion of this office on the
following question:

"Is the residence property owned by the schools
and being used by the Superintendent of Schools
for his residence exempt from taxation by the
State of Texas, Milam County, the City of Cameron
and the Cameron Independent School District?"

In connection with your request, you have stated that
the trustees of the Cameron Independent School District purchased
a certain residence in the City of Cameron on or about September 1,
1965, to be used as a teacherage and the Superintendent of the
Cameron Public Schools and his family are living in this home and
using it strictly for residence purposes, paying therefor a monthly
rent of $75.00.

Texas Constitution, Art. VIII, Sec. 2, reads in part
as follows: " . . . the legislature may, by general laws, exempt
from taxation public property used for public purposes." Public
school houses, when used for educational purposes constitutes
public property used for public purposes.

Article 7150, Vernon's Civil Statutes, exempts public
school houses from taxation.

We are, therefore, called upon to decide whether a
residence owned by an independent school district, being used

-2932-

as a private dwelling, is exempt from taxation vel non in light of the preceding constitutional and statutory authorities. We hold that it is not exempt for the following reasons.

All property is subject to taxation, on equal and uniform basis, for purpose of defraying governmental expense, with exception only of such property as the Constitution specifically exempts therefrom and such as the legislature shall, under Constitutional restrictions, by explicit language declare to be exempt. City of Wichita Falls v. Cooper, 170 S.W.2d 777 (Tex. Civ. App. 1943, error ref.). The legislature has no power to exempt from taxation public property not used for public purposes. (Wichita Falls case, supra). In Attorney General Opinion No. 0-2506 (1940), it was held that property not being used for public purposes, but on the contrary, being used by private individuals for residential and business purposes was not exempt from taxation. Provisions for exemption from taxation are to be strictly construed. City of Abilene v. State, 113 S.W. 2d 631 (Tex.Civ.App. 1937, 1938); Santa Rosa Infirmary, v. City of San Antonio, 259 S.W. 926 (Comm.App. 1924); Little Theatre of Dallas, Inc. v. City of Dallas, 124 S.W. 2d 863 (Tex.Civ.App. 1939); Markham Hospital v. City of Longview, 191 S.W.2d 695 (Tex. Civ.App. 1945, error ref.); Hedgecroft v. City of Houston, 150 Tex. 654, 244 S.W.2d 632 (1952); Raymondville Memorial Hosp. v. State, 253 S.W. 2d 1012 (Tex.Civ.App. 1952, error ref., n.r.e.); Kirby Lumber Corporation v. Hardin Independent School District, 351 S.W. 2d 310 (Tex.Civ.App. 1961, error ref., n.r.e.). Exemptions from taxation are not favored and all doubts are resolved against exemption. David Graham Hall Foundation v. Highland Park Inde- pendent School District, 371 S.W.2d 762 (Tex.Civ.App. 1963, error ref. n.r.e.). Radio Bible Hour, Inc. v. Hurst-Euless Independent School District, 341 S.W. 2d 467 (Tex.Civ.App. 1961, error ref. n.r.e.). Exemptions are only favored in legislation upon the theory that the concession is due as a quid pro quo for the performance of a service essentially public. The authorities cited make no provision for the exemption of a teacherage in contrast to a parsonage.

We do not believe it was the intent of the framers of the Constitution and of the legislature to exempt from taxation all property belonging to public schools irrespective of the use to which it is put. The imagination cannot envision all the absurd results such authority might beget.

Since, under the stated facts, the residence is used for private purposes, it does not fall within the exemptions listed in the Constitution and the statutes. Absent the necessary element of "public use" property held by an independent school district is taxable. In the instant case, the residence property is not

being used for a public purpose but as a matter of mere personal convenience. Such occupancy does not have any proper relation to the conduct of the schools.

### S U M M A R Y

The residence property of the Cameron Independent School District, which is being used by the school superintendent and his family as a private dwelling, paying monthly rent therefor, is not exempt from taxation.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Mario G. Obledo_
Mario G. Obledo
Assistant

MGO:mc

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Gordon Cass
W. E. Allen
Marietta Payne
Dean Arrington

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright