Dear Mr. Walker:
You have requested an opinion of the Attorney General regarding the issue of whether two individuals who are married but maintain separate ownership of residences may each claim homestead exemptions on their separate homes. You set forth the following facts for our consideration:
1. On December 21, 1993, Party A and Party B confected a marriage contract renouncing the provisions of the Louisiana Civil Code which establishes a community of acquets and gains declaring separate and paraphernalia property of each party owned at the time of the marriage.
2. Section IV of the marriage contract provides that the parties each own their own homes and have agreed that each maintain his and her own home and pay separately the expenses incurred.
3. The parties occupy both homes staying in one house for several days, then in the other for several days. The parties do not rent or allow anyone else to occupy either home.
The Homestead Exemption is provided for in Article VII, Section 20(A)(1) of the Louisiana Constitution (1974) as follows:
 "(1) The bona fide homestead, consisting of a tract of land or two or more tracts of land with a residence on one tract and a field, pasture, or garden on the other tract or tracts, not exceeding one hundred sixty acres, buildings and appurtenances, whether rural or urban, owned and occupied by any person, shall be exempt from state, parish, and ad valorem taxes to the extent of seven thousand five hundred dollars of the assessed valuation. The same homestead exemption shall also fully apply to the primary residence, including a mobile home, which serves as a bona fide home and which is owned and occupied by any person, regardless of whether the homeowner owns the land upon which the home or mobile home is sited; however, this homestead exemption shall not apply to the land upon which such primary residence is sited if the homeowner does not own the land.
 (2) The homestead exemption shall extend to the surviving spouse or minor children of a deceased owner and shall apply when the homestead is occupied as such and title to it is in either husband or wife but not to more than one homestead owned by the husband or wife." (Emphasis added.)
With regard to the general definition of domicile, C.C. art. 38 provides:
 "The domicile of each citizen is in the parish wherein he has his principal establishment.
 The principal establishment is that in which he makes his habitual residence; if he resides alternatively in several places, and nearly as much in one as in another, and has not declared his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected." (Emphasis added.)
As used above, the term "principal establishment,"
means the principal domestic establishment. Zinko v.Zinko, 204 La. 478, 15 So.2d 859 (1943).
The jurisprudence of this state has recognized the validity of antenuptial agreements as long as they are not contrary to good morals or public policy. Holliday v. Holliday,358 So.2d 618 (La. 1978).
A review of the jurisprudence of this state, as well as previous opinions issued by this office, reveals that the issue presented herein is res nova. However, based on the foregoing citations, it is the opinion of this office that Party A and Party B, enumerated in the factual scenario above, may opt for a Homestead Exemption on behalf of either of their residences, particularly emphasizing that residence of the marriage contract used as the "principal domicile residence", but not on both residences. Community property within matrimonial regimes is entitled to only one Homestead Exemption. To allow for more than one exemption in the case of an antenuptial agreement would be unjust and provide inequitable, double exemption allowances to the later spouses.
In reaching this conclusion, we are guided by the Court inFerrell v. Penrose, 52 La. Ann. 1481, 275 So. 945 (1900). Therein, the Court held:
 "In the matter of tax exemptions, it is difficult to lay down any precise rule to be followed; each case is dependant on its own state of facts; and when there is doubt as to whether property is liable to assessment, the property should be assessed."
See also, Mattingly v. Vial, 193 La. 1, 190 So. 313
(1939), in which the Court held:
 "Exemptions are to be strictly construed against the person claiming the exemption and any plausible doubt is fatal."
One could argue that Article VII, Section 20(A) is ambiguous with regard to this issue. Assuming, arguendo, this to be the case, the interpretation of those charged with the administration of a constitutional provision over a period of time is accorded great weight. State ex rel. Singlemann v. Morrison, 57 So.2d 238
(La.App. Orleans Cir. 1952), Writ Denied. In this regard, we have been advised by representatives of the Louisiana Tax Commission that for the reasons expressed hereinabove, it is their opinion that only one Homestead Exemption is permissible under the factual scenario presented.
Should you have any additional questions concerning this matter, please do not hesitate to contact us.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB
Attorney General
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received:
Date Released: