**CITY OF SAN ANTONIO et al. v. YOUNG MEN'S CHRISTIAN ASSOCIATION. (No. 7620.)**

(Court of Civil Appeals of Texas. San Antonio. May 12, 1926. Rehearing Denied June 9, 1926.)

**1. Taxation ⚖⇒251.**

An exemption from taxation ordinarily is required to be specially pleaded and proven.

**2. Pleading ⚖⇒214(3)—Defendant's claim of exemption from taxation as purely charitable institution is without effect in disposition of demurrer, where it pleaded use of building as place of religious worship, as demurrer admits as true allegations of petition.**

Where Young Men's Christian Association, sued for taxes, pleaded its use of building as place of religious worship, its claim of exemption as a purely charitable institution is without effect in disposition of its demurrer, as demurrer admits as true allegations of plaintiff's petition.

**3. Taxation ⚖⇒244.**

For property to be exempt under Const. art. 8, § 2, as actual place of religious worship, building must be owned and exclusively used for such purpose.

**4. Statutes ⚖⇒95(1)—Act exempting property of Young Men's Christian Association from taxation held violative of Constitution, prohibiting special or local laws exempting property from taxation (Acts 33d Leg. [1913] c. 81 [Vernon's Sayles' Ann. Civ. St. 1914, art. 7507, subd. 1a]; Const. art. 3, § 56).**

Acts 33d Leg. (1913) c. 81 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7507, subd. 1a); exempting from taxation property of the Young Men's Christian Association, comes within inhibition of Const. art. 3, § 56, prohibiting passing of special or local law authorizing exemption of property from taxation.

**5. Statutes ⚖⇒77(1).**

A special law applies to an individual of a class, and not to all of a class.

**6. Taxation ⚖⇒196—Act exempting property of Young Men's Christian Association used exclusively for purpose of furthering religious work from taxation held void as conflicting with constitutional provision for exempting only actual places of religious worship (Acts 33d Leg. [1913] c. 81 [Vernon's Sayles' Ann. Civ. St. 1914, art. 7507, subd. 1a]; Const. art. 8, § 2; Rev. St. 1911, art. 7507, par. 1).**

Acts 33d Leg. (1913) c. 81 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7507, subd. 1a), exempting from taxation property of Young Men's Christian Association used exclusively for purpose of furthering religious work, held void as being in conflict with Const. art. 8, § 2, and Rev. St. 1911, art. 7507, par. 1, permitting Legislature by general laws to exempt actual places of religious worship.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the City of San Antonio and others against the Young Men's Christian Association. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Joseph Ryan and T. D. Cobbs, Jr., both of San Antonio, for appellants.

Douglas & Carter and Henry Lee Taylor, all of San Antonio, for appellee.

COBBS, J. This suit was brought by appellants to recover of appellee taxes on certain property known as lot A14, city block

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Reported in full in the Southwestern Reporter; not reported in full in Texas Reports.

421, in the assessor's office, situated on the southwest corner of Avenue D and Third street, for the years 1905 and subsequently, delinquent when said petition was filed.

The appellee's defense is:

That it is exempt from taxation under the Constitution and laws of this state. That "a corporate charter was applied for and issued by the state of Texas to this defendant on or about the 5th day of July, A. D. 1893. The purpose of the defendant corporation is as is expressed in its charter as follows: 'This association is formed for the purpose of improving the spiritual, mental, social and physical condition of young men.' That shortly after the organization of said corporation and issuance of said charter the defendant adopted a constitution and by-laws, among which was contained the following provision: 'The object of this association is to develop Christian character and usefulness of its members and to improve the spiritual, mental, social and physical condition of young men.' That said constitution further provided for the holding of real property by trustees, in the following language: 'All the real property of the association shall vest in a board of trustees of five members from the board of directors, who shall manage said property in the interest of the association. Funds received by bequest or for endowment shall be held by the board of trustees.' And defendant's property was so held. That in April, 1921, a new constitution was adopted, which stated the object of defendant as follows: 'The object of this association is to promote the spiritual, intellectual, social and physical welfare of young men especially to develop their Christian character and usefulness.' The association, although thoroughly unsectarian, is not an organization outside of the church. It is a product of the church and a department of its work. It is the church working by institutional methods, through its laymen, for its own and non-church-going young men, that the unregenerate of both classes may be reached, regenerated, and led into church membership, and all be quickened to a higher life. It is the church's training school for her Christian young men, affording them special advantages for Bible study, developing their powers, and instructing them in practical methods of aggressive Christian work. Yet, in all, conceding the church's superior authority and right of supervision, welcoming its kindly criticism, deferring to its counsels, and yielding it a loyal and filial devotion, in return for which the association asks of the church recognition, pastoral commendations and assistance, adequate financial support, and an ungrudging dedication and relinquishment to its service of such time and talent as are needed to carry on its varied and complex work."

Enough of the answer is copied to reflect appellee's theory of exemption; the case was disposed of by demurrer.

The language of the court in sustaining the demurrer is as follows:

"On this 24th day of February, A. D. 1926, came on to be heard the defendant's general demurrer to plaintiffs' third amended original petition, said general demurrer contained in defendant's second amended original answer, and,

for the purpose of said demurrer, plaintiffs admitted that defendant's building is used exclusively for the purpose of furthering religious work, and that it is acting under the approval and co-operation of the state and international Young Men's Christian Association committees, and defendant admitted that said building is not used exclusively for public worship, and is not used exclusively as an actual place of religious worship, and that defendant was chartered on July 5, 1893, by the state of Texas, for the purpose, as expressed in said charter: 'This association is formed for the purpose of improving the spiritual, mental, social and physical condition of young men.'

"Whereupon, the court, after hearing the same and all argument thereon, is of opinion that defendant is within the provisions of article 7507, par. 1a, of the Revised Statutes of 1911, as contained in Vernon's Complete Texas Statutes of 1920; wherefore it is ordered, adjudged, and decreed by the court that said general demurrer should be and the same is hereby sustained. And plaintiffs, city of San Antonio and San Antonio independent school district, having declined to amend their said petition, it is ordered that this cause be and the same is hereby dismissed, and that said plaintiffs shall pay all costs of this suit, to be collected as provided by law."

The law under which appellee asserts its exemption was approved March 31, 1913, and reads as follows:

"Be it enacted by the Legislature of the state of Texas:

"That Young Men's Christian Association buildings and Young Women's Christian Association buildings, used exclusively for the purpose of furthering religious work, and acting under the approval and co-operation of the state and international Young Men's Christian Association committees and the Young Women's Christian Association committees, the books and furniture contained in such buildings, and the grounds attached thereto necessary for the proper occupancy of such buildings, use and enjoyment of the same, and not leased or otherwise used with a view to profit other than for the purpose of maintaining the buildings and association, and all endowment funds of the above-mentioned religious institutions, not used with a view to profit, but for the purpose of maintaining the association and buildings in doing religious work, shall be exempt from taxation." Acts 33d Leg. c. 81 (Vernon's Sayles' Ann. Civ. St. 1914, art. 7507, subd. 1a).

In the exact language of the Constitution, the Legislature may by general laws exempt "actual places of religious worship." Article 8, § 2. The general legislative act differs somewhat from the exact verbiage of the Constitution in that it substitutes the word "public" for "religious," and exempts "houses used exclusively for public worship," etc. Rev. Stat. 1911, art. 7507, par. 1.

Article 8, § 2, of our Constitution exempts "all buildings used exclusively and owned by persons or associations of persons for school purposes," "actual places of religious worship," and "institutions of purely public charity."

Appellants "admitted that defendant's building is used exclusively for the purpose of furthering religious work," and appellee admitted that said building is not used "exclusively for public worship and is not used exclusively as an actual place of religious worship." These admissions are what would have been required to have been developed upon the hearing of the facts, and so the right to the exemption is not claimed on account of "actual place of religious worship." Obviously it must receive its exemption from the last provision of the Constitution under the heading of "institution of purely public charity," because it disclaims its use as an actual place of religious worship, and not from the language of the act itself, because the act does not attempt to exempt it as a charity. It is a kind of hybrid exemption. A place "furthering religious work" or a place administering "purely public charity" and is not exempt by any language in the Constitution.

[1] The record does not disclose what purely and exclusive religious work was being carried on by appellee, or what exclusive charity it was engaged in. There are so many good things done by appellee that it has met the universal commendation of mankind. Rich and poor alike subscribe to it, and many who have no religious convictions or creed support it as an institution for good work. Millions of dollars are appropriated by the government as well as by churches and charitably inclined persons and religious institutions, to maintain it, because of its purposes. That we may be permitted to judicially know; and we have to do that largely here, as no brief furnishes us any testimony as to its work, except the admissions in the judgment. It has, perhaps, cafés where lunches are served. It may have rooms to let, and halls for athletic exercises and physical training. It no doubt has halls for lectures and pools for bathing. Appellee admits it is not used exclusively as an actual place of religious worship. It may be that it carries on hand many little things for barter and sale, such as candies, cigarettes, etc. It nowhere shows the things done by it in the nature of a purely "public charity." The petition on its face shows a good cause of action, and was not subject to demurrer on the ground of appellee's exemption. An exemption ordinarily is required to be specially pleaded and proven.

[2] The appellee has pleaded its use of the building as a place of religious worship, and claims its exemption as a purely charitable institution, but that cannot be taken to have any effect in the disposition of its demurrer. On the contrary, the demurrer admits as true the allegations of plaintiffs' petition.

The court in disposing of the demurrer did it solely upon the language in the charter that it quoted, to wit:

"This association is formed for the purpose of improving the spiritual, mental, social and physical condition of young men."

Not of old or middle-aged men or women, but of a class only—young men. However meritorious its purpose and however profoundly we may indorse its work—and its name may import all that appellee claims for it—yet that does not prove the case.

[3] The Constitution does not permit the exemption for "furthering religious work," but only to "actual places of religious worship." 2 Cooley on Taxation (4th Ed.) § 742, p. 1552; Church v. Bullock, 104 Tex. 1, 109 S. W. 115, 16 L. R. A. (N. S.) 860; Trinity M. E. Church v. City of San Antonio (Tex. Civ. App.) 201 S. W. 669. The building must be owned and exclusively used for such purpose. Dallas v. Cochran (Tex. Civ. App.) 166 S. W. 32; Edmonds v. City of San Antonio, 14 Tex. Civ. App. 155, 36 S. W. 495; City of San Antonio v. Seeley (Tex. Civ. App.) 57 S. W. 688.

[4, 5] The Legislature is specially prohibited by article 3, § 56, from passing a special or local law authorizing the exemption of property from taxation. This is what was attempted to be done in exempting from taxation property of the Young Men's Christian Association. Clark v. Finley, 93 Tex. 178, 54 S. W. 343; Hall v. Bell Co. (Tex. Civ. App.) 138 S. W. 178; Id., 105 Tex. 558, 153 S. W. 121. A special law applies to an individual of a class and not to all of a class. Wallis v. Williams, 101 Tex. 397, 108 S. W. 153; Duclos v. Harris County, 114 Tex. 147, 263 S. W. 562; Ward v. Harris County (Tex. Civ. App.) 209 S. W. 792; Cox v. State, 8 Tex. App. 287, 34 Am. Rep. 746; Presidio County v. Jeff Davis County (Tex. Civ. App.) 77 S. W. 279; 1 Lewis Sutherland Stat. Cons. (2d Ed.) §§ 195, 199, also section 228, p. 424.

Appellant says in its brief, from which we quote without verifying his statement:

"According to Judge Cooley, in some states, Y. M. C. A.'s are exempted as benevolent or charitable institutions; in other states, the very contrary is held. In Illinois and New York, they are not exempt as 'exclusively used' for purposes of public worship, or as a religious society, whereas in Kentucky the reverse was held. In Maine and New Jersey, the exemption is denied. In Georgia and Massachusetts, they are exempted as charitable institutions; in Louisiana the very contrary is held. And in New Hampshire and Missouri, it is held that if income is derived, although used to carry on the association's work, the property is not exempt, and in Nebraska, that a public cafeteria in a Y. M. C. A. is not exempt, though the profits are devoted to the association."

The charter purposes quoted do not make it an institution of "purely public charity," but only for "improving the spiritual, mental, social and physical condition of young men." It may have done much good along that line

to wealthy and poor young men alike, but that would not be the dispensing of charity.

[6] So it is apparent that this act attempts to exempt property not exempt under the Constitution. It is not a general law, but under the guise of law attempts to exempt Young Men's Christian Associations "where property is used exclusively for furthering the interests of religious work and not for profit." It is not exempted in said act because it is an institution "of purely public charity." It cannot come under the other provision because appellee admitted, and it is recited in the judgment, "that said building is not used exclusively for public worship, and is not used exclusively as an actual place of religious worship."

We can add nothing to the discussion of what constitutes a charitable institution than is set forth by the Supreme Court in the discussion on that subject in City of Houston v. Scottish Rite Benevolent Association, 111 Tex. 191, 230 S. W. 981, and City of San Antonio v. Santa Rosa Infirmary (Tex. Com. App.) 259 S. W. 926.

The act in question under which appellee claims its exemption from taxation, being in conflict with our Constitution, is void, and affords appellee no protection.

From what we have said it will be seen that we think the court erred in sustaining the demurrer and in dismissing appellants' cause of action. We therefore reverse the judgment of the trial court and remand the cause for another trial.

Reversed and remanded.