

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 19, 1960

Honorable Bruce Allen            Opinion No. WW-939
County Attorney
Ellis County                     Re:  Whether property consisting
Waxahachie, Texas                     of two lots, an office
                                      building, furniture, fixtures,
                                      and equipment belonging to the
                                      Herald of Healing is exempt
Dear Mr. Allen:                       from State and County taxes.

        We quote the following from your letter requesting our
opinion on the referenced subject:

        "I have been informed that the charter
        of Herald of Healing was filed in the
        office of the Secretary of State on
        February 20, 1960, No. 10883, and states
        its purpose as follows:

        "'The purpose for which the operation
        is formed is educational, charitable,
        missionary and evangelical in its under-
        taking for the betterment of mankind.
        We propose to proclaim the Gospel of
        Jesus Christ to mankind and to seek to
        convert those who have fallen in sin and
        to acquire by lease or purchase or otherwise,
        real and/or personal property, for its use
        in this work.'

        "This charter also states that the corpora-
        tion 'hereby associate ourselves together
        voluntarily for the purpose of forming a private
        corporation, not for profit, but for the pur-
        pose of benevolence in educational, charitable
        and missionary and evangelical work.'

        "I am also informed that this corporation
        is placed on the exempt ledger of the Secretary
        of State.  There is no capital stock nor any
        shares in this corporation.

        "This corporation owns two lots in the City
        of Waxahachie upon which is located an office
        building containing office furniture, fixtures

and equipment.  It is my understanding
that this building was used as an office
building by the late Reverend Jack Coe
before his death.  It contained his
recording studio, private office, bedroom
and bath upstairs.  Downstairs, were the
offices of the business manager, accountant,
secretaries, typists, receptionists, automatic
mailing machine, automatic addressographing
machine, rest rooms and snack bar.  I am also
informed that the Church, Dallas Revival
Center, is located at 2127 South Corinth
Road, Dallas, Texas.

"The Herald of Healing is claiming the
exemption under the provisions of Art. 7150
Vernon's Civil Statutes because it says 'the
Herald of Healing is a religious church
organized under the religious and non-profit
provisions of the Texas Law and has been
approved by the Federal Government as a tax
exempt organization.  All of the property
as owned by the Herald of Healing is located
in a building that has been used as office
purposes of the church and is now being used
as a storage place.  It is not rented and is
non-revenue bearing.'

"Please advise if this property is subject
to State and County taxes."

It is our opinion that the described property is not
entitled to exemption from State and County taxes.

Exemptions of property from taxation must be explicitly
provided by the Texas Constitution or by statutory provision
within Constitutional limits.  Otherwise it is subject to
taxation under the mandate of Art. 8, Sec. 1 of the Constitu-
tion.  See W. V. Geppert, A Discussion of Tax Exempt Property
in the State of Texas, Baylor Law Rev. Vol. XI, 133 (Spring,
1959).

Pursuant to the authority granted by Art. 8, Sec. 2 of
the Constitution, certain statutory exemptions were provided
religious societies by Art. 7150, sec. 1, R.C.S., as follows:

"The following property shall be exempt
from taxation, to wit:

"1. . . . .actual places of religious worship, also any property owned by a church or by a strictly religious society, for the exclusive use as a dwelling place for the ministers of such church or religious society, the books and furniture therein and the grounds attached to such buildings necessary for the proper occupancy, use and enjoyment of the same, and which yields no revenue whatever to such church or religious society; provided that such exemption as to the dwelling place for the ministers shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land."

Art. 7150b, R.C.S., provides as follows:

"There is hereby exempted from taxation any property owned exclusively and in fee by a church for the exclusive use as a dwelling place for the ministry of such church and which property yields no revenue whatever to such church; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event to more than one acre of land. Acts 1931, 42nd Leg., p. 67, ch. 44 § 1."

According to the facts stated in your letter, the property under discussion is not used as an actual place of religious worship. The church, in fact, is located in another city. It is likewise apparent that the building certainly is not exclusively used as a dwelling place for the ministry of the church.

In Attorney General's Opinion No. MS-190 it was held that a house and lot used for the printing and dissemination of religious matters was not entitled to exemption from taxation. That opinion quoted the following language from City of San Antonio v. Young Men's Christian Assn., 285 S.W. 844 (Tex.Civ.App. 1926, err.ref.):

"The Constitution does not permit the exemption for 'furthering religious work,' but only to 'actual places of religious worship.' . . ."

An application of the cited Constitutional provisions, statutory language, and interpretations can lead only to the result that the subject property is not exempt from taxation.

### S U M M A R Y

Property consisting of two lots and an office building containing furniture, fixtures, and equipment, belonging to the Herald of Healing, is not entitled to exemption from State and County taxes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: James R. Irion
James R. Irion
Assistant

JRI:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Houghton Brownlee
James Farris
Tom McFarling
Elmer McVey

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore