

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 26, 1968

Honorable G. F. Steger
County Attorney
Colorado County
Columbus, Texas 78934

Opinion No. M-224

Re: Whether Hill Memorial Park
Foundation, a trust property
dedicated for educational,
charitable and/or recreational
purposes and to be operated on
a non-profit basis for the pub-
lic, is exempt from ad valorem
taxes.

Dear Mr. Steger:

Your recent letter requests the Attorney General to render an opinion on the following question:

"Is the real property described in the deed and declaration of trust from Thomas E. Sparks et ux to F. F. Brashear et al, as trustees for Hill Memorial Park Foundation, dated March 27, 1967 and recorded in Volume 261 at pages 69-75 of the deed records of Colorado County, Texas, exempt from the levy of ad valorem State, County and School District taxes under the provisions of Article VIII, Section 2 of the Constitution of the State of Texas, and Article 7150 of the Revised Civil Statutes of the State of Texas?"

It appears that the property in question, approximately one hundred twenty acres, was conveyed in trust to be used at all times "solely as a public park for educational, charitable and/or recreational purposes." The land is to be designated as Hill Memorial Park Foundation. The trustees are given certain powers and duties, including the following:

1. To obtain and accept contributions for improvement of the premises.

2. To hold, manage, control, etc., the property above as a public park.

3. To establish rules and regulations for use of the premises by the public.

4.   To collect reasonable fees to be limited in amount to the reasonable expense of maintaining the premises.

5.   To employ others and make contracts and leases for purpose of operating the premises.

6.   To employ counsel and compensate them.

7.   To pay themselves reasonable compensation for their services and expenses unless the trustee has made a contribution to the trust.

8.   To make mineral leases, gravel leases, etc., with the proceeds going to improve the premises or to purchase other properties for the same purposes as this trust.

9.   To organize a non-profit corporation and transfer the properties of the trust to such corporation for the same purposes as set forth in the deed.

The deed also provides that no part of the trust shall inure to the benefit of any individual, that the trust is to be irrevocable, and that the grantors reserve no interest in the trust. It is further provided that one of the three trustees shall be a member of the city government of Weimar, Texas. The remaining two trustees are private citizens. Also, upon failure of the trust set forth in the deed, the property is to pass to other charitable organizations.

The property is currently being operated, at least in part, as a golf course open to the public and for which use an admission charge is required.

An examination of the various provisions of Article 7150, Vernon's Civil Statutes, shows that the only section applicable to Hill Memorial Park Foundation is section 7 pertaining to exemptions for charities. It does not, as a public park, qualify as "public land held for public purposes" within section 4 of the statute, since it is not owned and controlled by the State or any of its political subdivisions. Attorney General Opinion No. WW-1423 (1962 Section 7 of the above article was enacted pursuant to Section 2 of Article VIII of the Texas Constitution, which allows the Legislatur by general laws, to exempt from taxation "institutions of purely public charity." Section 7 reads as follows:

"7. Public Charities. All buildings and personal property belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or death, without regard to poverty or riches of the recipient, also when funds, property and assets of such institutions are placed and bound by its law to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons; and any corporation in this state of a non-profit and purely charitable nature and formed for the charitable and benevolent purposes of preventing cruelty to animals, to promote humane and kind treatment of animals, and to aid and assist by all legal and proper means the enforcement of the laws of this state for the prevention of cruelty to animals of every kind and nature." (Emphasis added.)

In determining whether the property under consideration is exempt it must be kept in mind that legislative exemptions are subject to the rule of strict construction, City of Wichita Falls v. Cooper, 170 S.W.2d 777 (Tex.Civ.App. 1943, error ref.); City of San Antonio v. YMCA, 285 S.W. 844 (Tex.Civ.App. 1926, error ref.). Also any doubt as to whether or not the exemption is valid is to be resolved against allowing the exemption. Hedgecroft v. City of Houston, 150 Tex. 754, 244 S.W.2d 632 (1951). In addition, a claim of exemption must be within not only the legislative definition of purely public charity," but also within the constitutional grant of exemption. City of Houston v. Scottish Rite Benevolent Ass'n., 111 Tex. 181, 230 S.W. 978 (1921); River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex.Sup., 1963).

The Texas Supreme Court has on several occasions set out the definition and test of charity in the context of ad valorem taxation and exemption. In the City of Houston v. Scottish Rite Benevolent Association, 111 Tex. 191, 230 S.W. 968, 981 (1921), the court defined "purely public charity" thusly:

"In our opinion, the Legislature might reasonably conclude that an institution was one of 'purely public charity' where: First, it made no gain or profit; second, it accomplished ends wholly benevolent; and third, it benefited persons, indefinite in numbers and in personalities, by preventing them, through absolute gratuity from becoming burdens to society and to the state."

The court further elaborated on the "quid pro quo" test above by stating at page 981:

"Charity need not be universal to be public. It is public when it affects all the people of a community or state, by assuming, to a material extent, that which otherwise might become the obligation or duty of the community or state."

In River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex.Sup. 1963), the court repeated the tests above, while holding taxable a non-profit corporation whose purpose was primarily to educate and enlighten its members and the public in the art of growing and arranging flowers. The court rested its decision that this was not a purely public charity on the ground that the activity was not one which the government is under an obligation or duty to finance. During the course of this opinion while discussing the legislative definition, the court said:

"While the primary purpose of the legislative definition was probably to insure that exemption was accorded property of organizations dispensing charity only to a small segment of society, included also is the concept that an institution of purely public charity is one which dispenses aid to the sick, the distressed and the needy, by providing for their basic needs. The necessary converse of the legislative definition is that an organization cannot be an institution of purely public charity unless its funds, property and assets are pledged and used to provide for the basic needs of the sick, distressed and needy, whether the benefits be extended only to a small segment of society or to the public generally ...an organization is not an institution of purely public charity within the meaning of the constitutional exemption unless it assumes, to a material extent, that which otherwise might become the obligation or duty of the community or the state." (Emphasis added.)

The most recent case in this area is <u>Hilltop Village Inc. v. Kerrville Independent School District</u>, 11 Tex. Sup. Ct. Journal No. 26, p. 314 (March 27, 1968). The court reiterates the test set out above and quotes the above passage with approval in holding that an institution providing special residential care for older citizens was not entitled to exemption because of special provisions in its bylaws making admission to the institution a matter of negotiation and mutual agreement. The court indicated, however, that a home for the needy aged might qualify under the terms of the statute for an exemption.

The allowance of an exemption from ad valorem taxation for a "public park" set up in the manner chosen by the grantors in the deed under consideration appears to be a matter of first impression insofar as the Constitution and statutes allow an exemption for "purely public charity". An application of the definition of "purely public charity" and the distinctions made by the courts, to the situation presented here leads to the conclusion that Hill Memorial Park Foundation is not exempt from ad valorem taxation. It is to be noted from an examination of Texas cases, including those quoted above, that only when a situation falls within the traditional definition of a "purely public charity" is an exemption allowed. 18 Southwestern Law Journal 703, 711 (1964); Attorney General's Opinion No. C-697 (1966). For instance, hospitals have been accorded the status of "purely public charity", as has an infirmary and organizations set up to care for the needy where the property was used exclusively by the charity.

Hill Memorial Park Foundation, in providing for a public park to be used for educational, charitable and for recreational purposes, regardless of its laudable purposes, does not fit the traditional tests or definitions of purely public charity or welfare. Since we must resolve all doubts against the exemption and employ a strict construction of the statute, we are not free to conclude that its "funds, property and assets are <u>pledged and used</u> to provide for the basic needs of the sick, distressed and needy" within the concept of Article 7150, Section 7. (Emphasis supplied.)

It perhaps should be emphasized that this opinion is not to be taken as passing on whether or not the Hill Memorial Park Foundation is a "purely public charity" or "charitable trust" under the common law of this state, for indeed, "valid charitable trusts may be institutions of purely public charity within the meaning of Section 2, Article VIII of the Constitution, but they are not necessarily so." <u>River Oaks Garden Club v. City of Houston,</u> supra.

## S U M M A R Y

The Hill Memorial Park Foundation, a trust property dedicated for educational, charitable and/or recreational purposes and to be operated on a non-profit basis for the public, under the stated facts, is not exempt from ad valorem taxes under Article 7150, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert C. Crouch
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Neil Williams
Marvin Sentell
Harold Kennedy

A. J. CARUBBI, JR.
Executive Assistant