**CITY OF SAN ANTONIO et al., Appellants,**

v.

**SAN ANTONIO CONSERVATION SOCIETY, INC., Appellee.**

No. 14811.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 19, 1969.

Rehearing Denied Dec. 31, 1969.

Howard C. Walker, Crawford B. Reeder, San Antonio, for appellants.

Harvey L. Hardy, San Antonio, for appellee.

**BARROW, Chief Justice.**

This is a suit for delinquent taxes brought by appellants, City of San Antonio and San Antonio Independent School District, against appellee, San Antonio Conservation Society, Inc., a Texas non-profit corporation. The suit was brought in the nature of a narrowly-drawn test case [1] to determine the constitutionality of Sections 20 and 22 of Article 7150, Vernon's Ann. Civ.St., insofar as they exempt from taxation historical houses, landmarks and sites which are restored and preserved by non-profit corporations chartered for such purpose. The sole question presented is whether such an exemption is valid under Art. VIII, Sec. 2 of the Texas Constitution, Vernon's Ann.St. The thrust of the argument is that these sections are valid as exemption of institutions of purely public charity. The trial court held that such statutory provisions are constitutional and valid and accordingly entered a take-nothing judgment against the taxing authorities.

The property involved is popularly known as the "Navarro House," and was the home of Jose Antonio Navarro (1795–1871), one of the two signers of the Texas Declaration of Independence who were native-born Texans, who was a true Texas patriot in every sense of the word. The Navarro House property, which consists of a home, office and kitchen, was acquired by appellee in 1960 for a price of $37,500 when said property was threatened with demolition in connection with the building

---

1. The pleadings of all parties were filed simultaneously with an agreed statement of facts and the judgment was entered one week later.

of a new city-county jail on nearby property. At such time and for many prior years, the Navarro House had been used as a tavern and appellee spent approximately $54,000 in restoring said property. Appellee now maintains same as an historical museum, open to the public, for which a nominal admission charge is made to defray a small part of the cost of maintenance. The Navarro House was designated an Historical Building by the Texas State Historical Survey Committee on July 18, 1962.

It was agreed by appellants that, insofar as this suit is concerned, appellee is a non-profit corporation operated for the purpose of preserving historical buildings, sites and landmarks which it has not leased or otherwise used with a view to profit. Furthermore, it is agreed that the property in question is an historic building, an historic site and an historical landmark. Therefore such property is exempt if the sections referred to are valid.

█ Art. VIII, Sec. 1, of our Constitution provides in substance that, other than municipal property, all property shall be taxed in proportion to its value. Sec. 2 thereof provides, in part, that the Legislature may, by general laws, exempt from taxation all buildings used exclusively and owned by institutions of purely public charity. The Courts of Texas have been committed to a strict construction of constitutional and statutory exemptions accorded institutions of purely public charity since an early date. River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex. Sup.1963). It is settled that the Legislature in prescribing tax exemptions may not exceed the limits set forth by the Constitution. City of Houston v. South Park Baptist Church, 393 S.W.2d 354 (Tex.Civ. App.—Houston (1st) 1965, writ ref'd).

Appellee contends that a proper definition of an "institution of purely public charity" would include institutions which own and use property exclusively for pub-

lic purposes of such vital importance to the non-material needs of the people of the body politic as to relieve the government of burdens which it, in actual fact, would otherwise have to assume. It asserts that such a definition would clearly include organizations which preserve historic places sacred to the memory of the great events and heroes of our past or which exemplify the heritage of our beginnings. Certainly, we would not question the merit of a people recognizing their heritage, nor the valuable service performed by appellee in restoring and maintaining this unquestioned historic site.

There is no Texas case which has resolved the question as to whether a statute exempting from taxes an historic site which is restored and maintained by a non-profit corporation is valid under the Constitution authorizing an exemption of a purely public charity. A similar question was presented in River Oaks Garden Club v. City of Houston, supra; however, the Supreme Court concluded from the facts that the River Oaks Garden Club was not an institution of purely public charity and therefore expressly did not decide the constitutionality of the exemption from taxation provided in Sec. 20 of Art. 7150, Vernon's Ann.Civ.St. The Court did expressly reject the applicability of the definition of a public charity or trust set forth in Powers v. First National Bank of Corsicana, Tex.Civ.App., 137 S.W.2d 839, affirmed 138 Tex. 604, 161 S.W.2d 273 (Tex. Sup.1942), which had been relied on by the Court of Civil Appeals in upholding the exemption.[2] In doing so, the Supreme Court said: "But we are not here concerned with the purposes for which charitable trusts may be created; rather, we are here concerned with the intent of those who framed and adopted the Constitution in extending tax exemptions to properties owned by institutions of purely public charity. Valid charitable trusts may be institutions of purely public charity within the meaning of Sec. 2, Art. VIII of the

2. 360 S.W.2d 855.

Constitution, but they are not necessarily so."

Furthermore, the Supreme Court pointed out in *River Oaks* that the legislative definition of an institution of purely public charity was one whose funds, property and assets were pledged and used to provide for the basic needs of the sick, distressed and needy, whether the benefits be extended only to a small segment of society or to the public generally. The Supreme Court also reaffirmed the definition of purely public charity set forth in City of Houston v. Scottish Rite Benev. Ass'n, 111 Tex. 191, 230 S.W. 978 (1921), that an institution of purely public charity is one whose charity benefits persons "by preventing them, through absolute gratuity, from becoming burdens to society and to the state."

The constitutional exemption, set forth in Art. VIII, Sec. 2, of an institution of purely public charity was recently considered by the Supreme Court in Hilltop Village, Inc. v. Kerrville Ind. School Dist., 426 S.W.2d 943 (1968). It was there held that the Legislature implemented such constitutional exemption with paragraph 7 of Art. 7150, Vernon's Ann.Civ.St., wherein an institution of purely public charity is defined as one "which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons." The Court also quoted with approval the following test from *River Oaks Garden Club*: " ' * * * an organization is not an institution of purely public charity within the meaning of the constitutional exemption unless it assumes, to a material extent, that which otherwise might become the obligation or duty of the community

or the state'; and ' * * * unless its funds, property and assets are pledged and used to provide for the basic needs of the sick, distressed and needy, whether the benefits be extended only to a small segment of society or to the public generally.' " See also Most Worshipful Prince Hall Grand Lodge v. City of Fort Worth, 435 S. W.2d 274 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n. r. e.); Methodist River Oaks Apts., Inc. v. City of Waco, 409 S.W. 2d 485 (Tex.Civ.App.—Waco 1966, writ ref'd n. r. e.).

 It cannot be said that the restoration and maintenance of an historical site, however laudable and worthwhile an undertaking, comes within the legislative or judicial definition of an institution of purely public charity. Nor can it be said that the Legislature was empowered by Sec. 2, Art. VIII of the Constitution to exempt from taxation as a purely public charity an historical site. Such purpose is not within the recognized concept of a purely public charity. While we do not disagree with appellee's argument as to the benefits to the public from such an exemption, the power for the Legislature to exempt such property must be granted by amendment of the Constitution. River Oaks Garden Club v. City of Houston, 370 S.W.2d 851 (Tex. Sup.1963).

██ Appellee urges that in any event the tax-exempt status of such property is valid under the so-called YMCA Amendment which was adopted in 1928 following this Court's decision in City of San Antonio v. Young Men's Christian Association, 285 S.W. 844 (1926, no writ). See Art. 8, § 2, Vernon's Ann.Tex.Const., Interpretive Commentary. Such amendment extended the tax exemption to "property used exclusively and reasonably necessary in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character." Such belated contention is without merit. Appellee's claim for exemption is

based on Secs. 20 and 22 of Art. 7150, supra, not Sec. 2a thereof, which implemented this tax exemption. Also, it is not sufficient for exemption that the organization merely make an incidental educational contribution. River Oaks Garden Club v. City of Houston, supra. Furthermore, even if we assume that the Legislature attempted to grant tax-exempt status to historical sites under authority of the "YMCA Amendment" it improperly enlarged the constitutional grant by going beyond the constitutional purposes, and it extended the grant to organizations other than those specified by the Constitution. It cannot be said that Secs. 20 and 22 are valid under the YMCA Amendment.

We, therefore, conclude that Secs. 20 and 22 of Art. 7150, supra, are unconstitutional insofar as they exempt from taxation the property in question and are therefore null and void. The judgment of the trial court is reversed and here rendered that appellants have judgment for the amount of taxes stipulated to be due and owing by appellee on the property in question.

CADENA, J., did not participate in the decision of this case.