Office of the Attorney General
State of Texas



**DAN MORALES**
ATTORNEY GENERAL

February 28, 1997

The Honorable Warren Chisum
Chair, Environmental Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-432

Re: Whether Tax Code section 11.23(c), which provides a tax exemption for the tangible property of the Nature Conservancy of Texas, Inc., is constitutional (RQ-829)

Dear Representative Chisum:

Tax Code section 11.23(c) provides a tax exemption for the Nature Conservancy of Texas, Inc. (the "Nature Conservancy") in the following terms: "The Nature Conservancy of Texas, Incorporated, is entitled to an exemption from taxation of the tangible property it owns if the property is not held for gain, as long as the organization is a nonprofit corporation as defined by the Texas Non-Profit Corporation Act." You ask whether there is any constitutional basis for this exemption and whether this exemption may be claimed or granted if it has no constitutional basis.

All real and tangible personal property in Texas is taxable unless exempt by statute as required or permitted by the Texas Constitution. Tex. Const. art. VIII, § 1(b); Tax Code § 11.01. Article VIII, section 2(a) of the Texas Constitution provides that the legislature "may, by general laws, exempt from taxation [property owned by] . . . institutions of purely public charity." A brief submitted on behalf of the Nature Conservancy contends that section 11.23(c) is authorized by article VIII, section 2(a). We do not reach the Nature Conservancy's assertion that it qualifies as an institution of purely public charity and that its tax exemption is therefore authorized by article VIII, 2(a) because, for the reasons explained below, we believe that section 11.23(c) of the Tax Code is not a "general law" authorized by article VIII, section 2(a) and that the statute runs afoul of another constitutional provision -- article III, section 56, which prohibits the legislature from enacting local or special laws.

We believe a court would conclude that section 11.23(c) of the Tax Code is a "special law." The definition of the term "special law" and the distinction between a "special law" and a "local law" are important to our analysis. The Texas Supreme Court recently defined these terms and explained the difference between them in a case involving a law applicable to a particular municipal utility district:

> While the terms "local law" and "special law" have at times been used interchangeably, a local law is one limited to a specific geographic region of the State, while a special law is limited to a

particular class of persons by some characteristic other than geography. *See* 1 GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 273-277 (1977).

*Maple Run at Austin Mun. Util. Dist. v. Monaghan*, 931 S.W.2d 941, 945 (Tex. 1996) ("*Maple Run*"); *see also Clark v. Finley*, 54 S.W. 343, 345-46 (Tex. 1899) (local law is one the operation of which is confined to fixed part of territory of state); *Vincent v. State ex rel. Wayland*, 235 S.W. 1084, 1086 (Tex. Comm'n App. 1921, judgm't adopted) ("A local act is an act applicable only to a particular part of the legislative jurisdiction. A special or private act is a statute operating only on particular persons or private concerns.").

Section 11.23(c) provides a tax exemption for the tangible property of the Nature Conservancy alone; it does not describe a generic class that would include the property of the Nature Conservancy and any other organization like it. Section 11.23(c) is a special law in the classic, most obvious sense.[1] We are not aware of any case law suggesting that article VIII, section 2(a) (or any other constitutional provision) authorizes this tax exemption by special law. In sum, we believe it very likely that a court would conclude that because section 11.23(c) of the Tax Code names a specific, private entity, the "Nature Conservancy of Texas, Incorporated,"[2] it is a special law and not a "general law" authorized by article VIII, section 2(a) of the Texas Constitution.

Furthermore, we believe section 11.23(c) of the Tax Code runs afoul of article III, section 56 of the Texas Constitution, which specifically prohibits the legislature, "except as otherwise provided in this Constitution," from enacting a local or special law authorizing the exemption of property from taxation.

> The purpose of Section 56 is to "prevent the granting of special privileges and to secure uniformity of law throughout the State as far as possible." [*Miller v. El Paso County*, 150 S.W.2d 1000, 1001 (Tex. 1941).] In particular, it prevents lawmakers from engaging in the "reprehensible" practice of trading votes for the advancement of personal rather than public interests. *Id.*

---

[1]As Braden states, "The term 'special law' should be used only for a law that applies to a segment of the state—its people, its institutions, its economy—in some sense other than geographical. An obvious example is a law granting John Doe a divorce . . . or a law granting a corporate charter to Tom, Dick, and Harry to operate an employment service." 1 GEORGE D. BRADEN, THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 277 (1977).

[2]Tax Code § 11.23(c).

*Maple Run*, 931 S.W.2d at 945. We have been able to locate very few cases addressing statutes singling out a particular, named private person or entity for a special benefit or special treatment. The cases we have found, however, conclude that such statutes are unconstitutional. *See, e.g., State Highway Dep't v. Gorham*, 162 S.W.2d 934, 937 (Tex. 1942) (holding that statute waiving immunity to suit to benefit particular, named individual violated equal protection guarantee, Tex. Const. art. I, § 3, and was special law in violation of art. III, § 56); *City of San Antonio v. Young Men's Christian Ass'n*, 285 S.W. 844 (Tex. Civ. App.--San Antonio 1926, writ ref'd) (striking down special tax exemption for particular named groups on basis that exemption was not permitted by Tex. Const. art. VIII, § 2, and that violated art. III, § 56). Like the statutory tax exemption for the Young Men's Christian Association and the Young Women's Christian Association[3] that the court struck down in *Young Men's Christian Association*, section 11.23(c) violates the prohibition in article III, section 56 because it "applies to an individual of a class and not to all of a class," 285 S.W. at 846. For this reason, we believe it is quite likely that a court would conclude that section 11.23(c) is a special law in violation of article III, section 56. *Cf. id.* at 847.[4]

The Nature Conservancy contends that section 11.23(c) of the Tax Code is not a local or special law because it has statewide effect relating to matters of general interest, relying upon *Lower Colorado River Authority v. McCraw*, 83 S.W.2d 629 (Tex. 1935). In that case, the Texas Supreme Court concluded that a provision exempting bonds of the Lower Colorado River Authority ("LCRA") from taxation was not a local or special law because although the legislation applied to a specific geographic area, the legislation operated upon a subject in which the state at large was interested. The Nature Conservancy also relies upon *Stephensen v. Wood*, 34 S.W.2d 246 (Tex. 1931), a case involving a challenge to fishing restrictions in certain coastal waters, for the proposition that natural resource preservation has statewide significance.

In our opinion, *Lower Colorado River Authority* is inapposite because the court analyzed the tax exemption as a local rather than a special law:

> [I]t is settled that a statute is not local or special, within the meaning of this constitutional provision, even though its enforcement is confined to a restricted area, if persons or things throughout the state are affected thereby, or if it operates upon a subject that the people at large are interested in. [*Stephensen v. Wood*, 34 S.W.2d 246 (Tex. 1931).] An examination of this act convinces us that it operates upon a subject that the state at large is interested in. In fact, the

---

[3]Hereinafter collectively referred to as the "YMCA."

[4]Because we believe that Tax Code section 11.23(c) violates article III, section 56, we do not consider whether it violates state or federal constitution equal protection guarantees.

> business and operation of this district is not restricted to a particular
> area.

*Lower Colorado River Auth.,* 83 S.W.2d at 636.[5]   Furthermore, in *Maple Run,* 931 S.W.2d 941, the supreme court cast doubt on the legal test employed in *Lower Colorado River Authority, Stephensen v. Wood* and related local law cases: "[O]ur later cases have clarified that the ultimate question under Article III, Section 56 is whether there is a reasonable basis for the Legislature's classification. . . .  The significance of the subject matter and the number of persons affected by the legislation are mere factors, albeit important ones, in determining reasonableness." *Id.* at 947 (citations omitted).  It may be the case that this reasonableness test is also the proper test for determining whether a statute describing a class according to non-geographic criteria is a special law in violation of article III, section 56.  Here, where the legislature has named the Nature Conservancy specifically and has failed even to attempt to describe the Nature Conservancy as a member of a class, there is no classification to consider.  Were a court to determine that it is appropriate to apply this reasonableness test to a class that by its terms is forever limited to one, however, we believe it would be compelled to conclude that it is unreasonable as a matter of law to accord a tax exemption to a specific, private entity by name and not to extend the tax exemption to other entities that share the same characteristics.

The Nature Conservancy contends that *Young Men's Christian Association* is distinguishable because the YMCA (i) did not qualify for a tax exemption as a religious institution or public charity and (ii) did not conserve natural resources or perform a purpose of statewide significance, and (iii) because that case preceded the Texas Supreme Court's decision in *Lower Colorado River Authority.*  The first argument suggests that a special-law tax exemption is permissible if the entity at issue otherwise qualifies for a tax exemption under article VIII, section 2(a).  In fact, that is the premise of the Nature Conservancy's initial "public charity" argument.  This is a novel proposition, and one for which the Nature Conservancy provides no authority.  Article VIII, section 2(a) is not self-executing.  Furthermore, it provides for the enactment of general-law tax exemptions, not tax exemptions naming specific entities.

The assertion that the Nature Conservancy, unlike the YMCA, performs a purpose of statewide significance, natural resources conservation, is an argument one would make

---

[5]Interestingly, after addressing article III, section 56, the court goes on to suggest that even if the tax exemption were a special law under article III, section 56, the legislature would still be authorized to provide such an exemption for bonds of a state agency or political subdivision, implying that article III, section 56 was ultimately irrelevant to the tax exemption at issue: "[N]otwithstanding a constitutional prohibition against exempting all property from taxation, except such as is named in the Constitution, still the Legislature can exempt from taxation state bonds and bonds of state agencies issued in their governmental capacities, because such bonds are instrumentalities of government, and not property within the meaning of the above-mentioned constitutional prohibition." *Lower Colorado River Auth.,* 83 S.W.2d at 636.

to defend a local law. Again, section 11.23(c) of the Tax Code is a special law and, furthermore, the approach taken in *Lower Colorado River Authority*, *Stephensen v. Wood* and other older local law cases has been called into question by *Maple Run*. Moreover, this argument fails to address the primary defect of section 11.23(c) of the Tax Code -- the fact that it singles out a private entity by name for special treatment. Finally, we disagree that *Lower Colorado River Authority* overrules or undermines *Young Men's Christian Association*. It certainly does not do so expressly, nor, in our view, does it do so implicitly. The cases address different issues; the former case analyzes the LCRA tax exemption as a local law, whereas the latter case analyzes the YMCA tax exemption, which singled out two specific, private entities by name for special treatment, as a special law.

In addition to prohibiting local or special laws exempting property from taxation, article III, section 56 also provides that "nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of the game and fish of this State in certain localities." The Nature Conservancy suggests that section 11.23(c) is a permissible local or special law because it supports the preservation of game and fish. The game and fish language in article III, section 56 appears to contemplate game and fish laws geared to a specific geographic area. *See, e.g., Stephensen v. Wood*, 34 S.W. 246. Section 11.23(c) of the Tax Code is a tax exemption, not a game and fish law, and is not limited to a certain geographic area.[6] The Nature Conservancy has not provided any authority to support the contention that the game and fish language in article III, section 56 authorizes legislation granting a private conservation entity a property tax exemption on a statewide basis.

In sum, we conclude that section 11.23(c) of the Tax Code is not authorized by article VIII, section 2, or any other constitutional provision,[7] and that it runs afoul of

---

[6]Again, Tax Code, section 11.23(c) provides as follows: "The Nature Conservancy of Texas, Incorporated, is entitled to an exemption from taxation of the tangible property it owns if the property is not held for gain, as long as the organization is a nonprofit corporation as defined by the Texas Non-Profit Corporation Act." Although the activities of the Nature Conservancy may preserve game and fish and it may hold the exempt property for this purpose, the tax exemption itself does not require that the exempt property be used to preserve game and fish.

[7]The Nature Conservancy does not argue that Tax Code, section 11.23(c) is authorized by article VIII, section 1-f of the Texas Constitution. Because this provision does not authorize across-the-board tax exemptions and, moreover, does not appear to authorize the legislature to grant tax exemptions by special law, we do not consider it. *See* Tex. Const. art. VIII, § 1-f ("[t]he legislature may by law provide for the preservation of cultural, historical, or natural history resources by . . . granting exemptions or other relief from state ad valorem taxes on appropriate property"; authorizing political subdivisions to grant exemptions or other relief on appropriate property). We also note that Tax Code, section 11.23(c) was enacted in 1969, *see* Act of May 29, 1969, 61st Leg., ch. 652, § 1, 1969 Tex. Gen. Laws 1950, 1950, whereas article VIII, section 1-f was proposed and adopted in 1977, *see* S.J.R. 5, Act of May 20, 1977, 65th Leg., 1977 Tex. Gen. Laws 3354, 3354.

article III, section 56. Given this answer we turn to your final question: "If the chief appraiser who had been granting the exemption determined there was no constitutional basis for the same, would he have grounds to cancel the exemption and request payment of all back taxes?" We decline to address this question for two reasons. First, tax exemptions are granted on an appraisal district to appraisal district basis, and the facts of the tax status of the Nature Conservancy's property may vary from district to district.[8] Furthermore, even if the facts in each appraisal district were uniform and undisputed, we doubt the utility of this office addressing this question because it appears to raise complicated legal issues of first impression that can only be definitively resolved by the judiciary.

---

[8]We note, for example, that section 11.18 of the Tax Code provides for a tax exemption for "the buildings and tangible personal property" owned by a charitable organization. Tax Code § 11.18(a). To be eligible for the exemption, the entity must be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and must engage exclusively in performing one or more of certain specified functions, which include "preserving or conserving wildlife." *Id.* § 11.18(d)(10). Subsection (j) of section 11.18 provides as follows: "exemption of an organization preserving or conserving wildlife is limited to land and improvements and may not exceed 1,000 acres in any one county." Subsection (j) appears to provide that organizations preserving or conserving wildlife, unlike other charitable organizations listed in section 11.18, are eligible for tax exemptions for land. It may be the case that the Nature Conservancy qualifies as a charitable organization under section 11.18 and has applied for and received tax exemptions on this basis.

**S U M M A R Y**

Section 11.23(c) of the Tax Code, which provides for a tax exemption for the tangible property of a specific, private entity by name, is not a general law authorized by article VIII, section 2 of the Texas Constitution and is a special law in violation of article III, section 56.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General